Good morning. Good morning. If it may please the Court, my name is Luis Sion. I represent Eagle Investors, the petitioner in this matter. I'd like to reserve three minutes for rebuttal. Thank you. Eagle Investors is just a Can you make sure you speak into the mic just so that Judge Gould can be sure he can hear you? Is this better? Yeah, I can hear. Eagle Investors is a Nevada corporation. It's a privately owned corporation by a family who runs other corporations or other businesses in Las Vegas. It's not a big corporation, but they do have this interest in a property in Clark County, Nevada. Eagle Investors' employee is appealing an order denying a preliminary injunction that occurred at the district court level for a finding of So the sale still has not taken place, I assume? That is correct. The title is still with Eagle Investors. The order denying the preliminary injunction only denied it on the grounds that there would be no irreparable harm if the foreclosure took place, as the court had cited that there might have been some monetary damages that could compensate the Eagle Investors in the circumstance. We're seeking to, that the court remand it back and fine for irreparable harm, and we have two general arguments for that proposition. First is the order, a couple things. The order that denied the injunction cites state law for the proposition that irreparable harm in this case could have been, that could have been adequately addressed when it was an investment property. Now, the only Nevada case, or the only case that was cited was a Nevada state court case, or a Supreme Court case, that doesn't make that narrow of a distinction. It only states that when the rights to real property can be lost, that it is irreparable harm. Again, makes no distinction, doesn't narrow the holding to a primary resident home versus any type of investment property. So we believe, and we're appealing to this Court, because it was error as far as the standard that was applied at the district court level. Second, if Federal court, Federal case law was applied with that standard, we believe that, again, it was error in applying, showing that the Federal law should apply, though, do you? What's that? Do you think Federal law should apply to the question of what counts as irreparable harm? No. And with the direction of the Court, we supplemented. There wasn't a good transition to it until now, but what we believe there is that because of the, because it was a different outcome between the state court and the Federal court, you had an order that originally this complaint was filed in state court alleging causes of action for quiet title and preliminary injunction. What then happened was the state court granted our motion for a temporary restraining order, albeit there is a slight evidentiary proceeding as the standard, but they did find irreparable harm at the state court level. Then you go to the preliminary injunction after it was removed, and the district court found that there would be no irreparable harm and didn't comment to the likelihood of success on the merits. So the only reason why the injunction was denied was based on finding that there would be no irreparable harm. Now, as far as, and that's, again, that kind of transitions into an outcome-determinative situation that we had in the Sims case that was cited. Now, in that case, you had a situation where you had a California statute that prohibited one type of injunction that could be argued was a direct conflict with the Federal rules of civil procedure. But here, you have no conflict. What you have is a situation where the Nevada rules and the Federal rules are almost identical. So the only situation you have that is in question is the definition of irreparable harm. Now, we've cited both sides as far as what irreparable harm is in Federal court and other districts. And I'll tell you, I could not find one circuit case that held the proposition that loss of investment property or the potential loss of investment property would not be irreparable harm. It doesn't make that distinction. The only cases that you see are the ones that derive when State law has either issued that opinion or some district court cases where it hasn't gone any further than that. But in this case here — But we just have to look at Nevada law here, don't we? I think we do. And I think what the best example of that is when you look at the elements of injunction. The first element is likelihood of success on the merits. So in that case, you're going to have to look at substantive law, especially a court that's sitting in diversity, substantive law as far as what those elements of the case are. So if you apply it to the one likelihood of success on the merits, you should also do it on the definition of irreparable harm as well. And in this case, Nevada law is clear on it, is that any loss, even the — it's even the use of it, possession, whatever you want to do with real property, and again, it doesn't narrow it to primary resident home, is irreparable harm. I'm not aware of any case — in fact, I can say it. There is no case that's come out of Nevada that has ruled that loss of investment property would not be irreparable harm. It has always come down that. It's long-standing. Even the 13 South case that we cited, which is good Nevada law, that was a vacant lot again, and there was no distinguishment whether it was primary home or not. It just simply said any loss of real property would be irreparable harm. Can I ask this? Why in light of the — I don't know if I'm getting the case name right. Is it SFR? SFR, that's correct. So why in light of that case does the preliminary injunction even matter at this point? Don't you just win? Win outright? I mean, I want to hear from the bank, but it just seems — why are we fighting about this preliminary relief when it seems like the case is on all fours with this one? I 100 percent agree that we win. That being said, is that we did — there was no analysis on the — that decision obviously came out recently, so I guess the — alternatively, we could have probably motioned for reconsideration, but again, it wasn't decided on those — on those bases. But again, I agree with you. I don't know there's — at least right now, there's no transition to be able to get to federal district court. But again, you know, the district court there did not hold that there's a likelihood of success on the merits. So theoretically, she could have still denied the injunction and still just — we still have a likelihood of success. We just wouldn't have met one of the elements for the preliminary injunction because there wouldn't have been interruptible harm, which we think is error. Can we rely on the — I'm not sure how to pronounce this — list pendants to prevent a sale in the meantime until you can win under SFR? No, because it's — it doesn't necessarily do anything with the possibility of further transfers, because under Nevada law, there is a 30-day — I believe it's a 20-day or a 30-day delay in when — for example, if I transfer — if it's sold, transfer the property, getting deeds take about 20, 30 days. So you can't — you wouldn't be able to continue to petition the court for somebody to not transfer it if you don't know who the future buyer is. And two, that list pendants does nothing to protect the integrity of the structure. So if, for example, that I purchased a property that had a list pendants, it doesn't stop me from destroying the building, from making it into, you know, a different, you know, from what the original buyer had intended to use it of. So none of — all it does is take notice that there is litigation, but it does nothing to prevent the harm and waste that could occur on the property. But why couldn't — just in defense of the district court, I can't remember if the district court expressed this rationale, but I could see how this might work. Why couldn't the court just say, look, I don't see any need to give you an injunction now, but if something like what you just described happens, okay, well, come back, and you can obviously name this new buyer as an additional defendant and seek relief at that point, because then we really will be talking about irreparable harm. So why couldn't the court just justifiably say, your request is just a little premature. Let's just wait and see if there's any need for me to intervene. The problem becomes if there's irreparable harm then, there would have been irreparable harm back then as well. I'm sorry. If there's irreparable harm then, there would be irreparable harm now in terms of trying to limit the use of what that property is. And really, it also doesn't fit with Nevada law as well, because it's not so much just the rights of property, but it's also the use and the possession of it as well. So it doesn't — But that's what I'm saying. If a sale occurred — Okay. — and the new owner said — I don't know if you guys have tenants there or your client has tenants there, but if the new owner said, you're out of here, I'm bringing in my people, then at that point obviously there might be some new irreparable harm argument that you could come back to the district court and make. No, and that's true, but we do have tenants in there now as of that we petitioned. I think that we had filed a motion to stay, and then we had presented that evidence that they would, you know, exclude them out. But again, it doesn't — it still — we'd still have to change the outcome or we'd have to change the lawsuit essentially in order to enjoin the new people who are there and could potentially waste. So you're talking about — Even if they didn't kick out the tenants, is irreparable harm under Nevada law? No. It's not so much the loss of the property, but it's the possession and the use as well, which is the Ham v. Arrow Creek Homeless Association case. So it's more — it's broader than just possession of the property. I'm sorry. It's broader than just title to the property. It's use, possession, and all the rights that are associated. So you're — are you saying that it would not be enough to just lose the title under Nevada law? You would need to show more to show irreparable harm? That wasn't what I understood. No, it's that — it's the loss of any of those things is irreparable harm. And that's what — So wouldn't your answer to Judge Watford be the very transfer of title itself is enough under Nevada law to be irreparable harm even if they didn't kick out the tenants? Yes, that is correct. No, but that's not — and that's where I guess I differ because it seems to me anyone who buys it now knows that they've got title that's subject to your claim. And if you ultimately prevail on the merits, they're not going to have title. You're going to have — your client's going to have title. So that — that can be remedied pretty easily. There's no — nothing irreparable that occurs if there's just a mere transfer of title. What I understood your argument to be is that there can be things in the interim, like someone comes in and says, hey, I'm the owner. Get out of here. I'm destroying the — the structure. I mean, that obviously would be very difficult. No, that's true. But it — what happened is that then it starts to become — it starts to change the lawsuit entirely because then what you have is you have a quiet title suit at one point. Then you have to change the whole lawsuit to be a wrongful closure, to name new parties. Then it's — it ultimately — and I don't think that the outcome-determinative test was as narrow as — it's not meant to be as narrow as it's read from the case law. But I think just enough that where it changes the entire complaint itself would be enough to show that it's outcome-determinative. You have a whole new lawsuit when the property gets sold. And again, and I think that we start talking about adequacy of remedies as well at that point because then if you could just prevent the sale from occurring, you don't need to do all these other different things that occur. So it just balances the equities as well because now you have a situation where now you maintain the status quo, what the injunction is designed to do, and you don't have to worry about waste, other transfers, all those different things. It's a very easier system to just maintain that status quo. Counsel, Judge Gould, if I could ask you a question. Can the bank pay off the homeowner association lien to protect its interest, or is it too late for that? Now or before. They could — Now.  But prior to the homeowner's association sale, the bank could have paid off the super-priority lien amount to protect its interest. And did they have notice of the sale? I believe so. At least the — we're entitled to rely on the recitals of the deed as conclusive proof. We haven't got — they haven't challenged, at least at this stage, there is no evidence that they did not get notice of the sale. Okay. Thanks. One last question. Yes, Your Honor. I want to save the three minutes. So is there a stay in effect? Is that why the sale hasn't occurred? No. There is a stay, but there is no injunction pending to prevent the sale. Okay. And our court didn't issue any kind of — No, it did not. Okay. So the reason the sale hasn't happened, I assume, is because there's this cloud on the title now, and nobody wants to — nobody presumably would purchase it if the bank — I don't know, Your Honor. I mean, they haven't noticed the sale, so I don't know. I mean, I imagine — my best guess is they probably would be exposed to liability as well, so it's probably easier just to have this out instead. Okay. Okay. Thanks. Thank you, Your Honors. Good morning, Your Honors. May it please the Court. I'm Aaron Chastain. I'm here for the appellees. Your Honor, we're asking that you affirm the district court's determination that no injunction is necessary here. And I want to start by talking about this concept of loss of property. We need to break that down a little bit because I think it hides different terms within that. First of all, there is a zero percent chance that Eagle Investors could lose title to this property if it does not receive the injunction it's asked for. And I want to remind the Court that's the test of whether it will suffer reputable harm without the injunction, not whether it will suffer reputable harm if it loses its quiet title lawsuit. In this case, we have the Liz Pendents, and that's going to give notice to anybody in the world who wants to purchase this property that they're only taking as good of title as the bank has at the moment. So there's no way that that alone could destroy the title to the property. But you could sell it and someone else would have the title, and right now they have the title, right? So there would be a time where they wouldn't have the property. They would have a claim to the title. Essentially, Your Honor, they would substitute in our stead of this quiet title lawsuit, and they would have a claim to the title just like Eagle Investors had a title. I don't think there's a clear record of who has title. I mean, that's why we're in litigation right now. And so, but it would all be subject to further determination by court. So there's no way we can sweep in, foreclose, and take over, pass it off to a bona fide purchaser and be done with it. I mean, to be honest, Your Honors, that's why we haven't foreclosed. If that were a legal way for us to eliminate this dispute and shortcut to the end, we would have done it by this point, assuming there's no other liability concerns. But it simply can't happen.  Why are you fighting the preliminary injunction, then? Well, it's still our right to use the security interest and to foreclose. And it twice has come on the brink of a foreclosure sale while this appeal has been pending. And we've made the determination we want this court to decide the question. But my client needs to offload these assets. And it recognizes there is a cloud on this title. It's going to be subject to a final determination on the merits of this lawsuit. Now, quick caveat. SFR Investments was a bad decision for the banks. I think that's very clear. But that was one issue. That was the issue that we had been winning in trial courts on as to the operation of NRS 116, 3116. The district judge in this case, Chief Judge Navarro, has issued another opinion in September holding that as a matter of law for mortgages insured under the FHA, NRS 116 cannot cause a preexisting deed of trust to be extinguished, almost as a per se rule. And I'm sure that's the case. And that describes the mortgage at issue here? Yes, Your Honor. My understanding is from the record that would apply here. Now, that's an argument that has not been developed at all in this case. We haven't reached that stage. I just say that to illustrate that this is not a foregone conclusion that we're going to lose this case by any means. No, I hear you. You did allude to those issues in your 28-J response, I guess. But that's not for us. Good, good. I want to make sure we're all on the same page. Absolutely. I'm not on the same page with understanding why you're even here, though. Because it seems to me you're basically saying, look, the thing's not going to get sold. Oh, given the current state of affairs, even if the Federal Court does nothing, this thing is not going to get sold until this issue gets resolved. And so if you think that, then why are you? I'm sorry if I misspoke, Your Honor. It's not that we wouldn't foreclose at all while this issue remains pending. While this appeal remains pending, we thought it was best to let it play its course since we're here today. But we expect this litigation to take years. I mean, we expect it to go all the way to trial. And if we find that market conditions are correct to allow someone who's capable of taking on the risk of losing the merits of the suit. In other words, taking worthless title and setting a good price on that, you know, somewhere between zero and what we think the property is worth on the fair market, my client would like the ability to offload that risk. And if this injunction is entered, we're frozen in time for the duration of the litigation. So I hope that answers the question why we're here. Going back to loss of the property, I think we can say that loss of title is simply not an option. So we have to look at what other property rights are invested in this property. And although it's true that Nevada law. Why do you say loss of title is not an option? Are you talking about the list pendants when you say that? Yes, Your Honor. Both the list pendants and the recorded deed of trustee from the trustee cell, they give notice to the world that this title will be subject to this dispute. And so going back to my earlier point, will not lose titles of the property if it's not given an injunction. I'm trying to draw that line very clearly between if it obtains an injunction versus if it loses the lawsuit. And so taking the threat of losing title out of that loss of property category, the remaining categories are enjoyment, use of the property. And we've talked about that sort of in generalities here today. But in reality, the only thing in the record that they're doing with this property is receiving a monthly rent payment. There's no record evidence supporting anything else in this property. And there certainly is no evidence supporting a need to prevent Bank of America from destroying the property or otherwise permanently endangering it. We're talking about a monthly payment of about $1,200, I think, is the amount in the record. And so the question is, under either Nevada or federal law, and we submit there's no conflict between the two, both Nevada and federal courts say that the test for reputable harm is whether, in the words of the Nevada courts, whether money damages is an adequate remedy for the vindication of appellant's right. In the words of this court, this is the Lido Enterprises case, purely monetary injuries are not normally considered reputable. And we would say, Your Honors, that is the question here, is whether loss of a monthly stream of rent payments is an irreparable harm. And we'd say, of course not, because those can easily be reduced to a monetary sum at the end of the litigation. Can you point to any Nevada case, though, that found that loss of title of real property, even if it was commercial, was not irreparable harm? Well, going back again, Your Honor, there's no loss of title here. And the Nevada cases talk about cases where that is the actual issue of being litigated. If it goes through, then there's a loss of title. You don't have this complication of list pendants and recorded prior claims. They don't go into that sort of detail. I'm not saying there never was one. But I'm not aware of any that has an analogy situation where if a third party comes in and takes title, they will take it subject to this lawsuit. They will have to be substituted in as a party to this lawsuit. And so, no, Your Honor, I'm not aware. So maybe let me just ask a question about this. So you're saying – I understand there's a dispute about the title, but are you saying you don't even think they have title that's disputed right now? They don't have title at all in your view? Well, of course, Your Honor. I mean, that has to be our bank's position. Otherwise, we wouldn't be here. We think their title is absolutely worthless. I mean, that is how we view the transaction. And quite honestly, Your Honor, we think that's how the district court is going to view it in light of this Washington and Sand Hill Home Association case. We have conflicting claims to the title. And we recognize they have a claim to it. We just think it has no merit. I'm sorry. I feel like I'm not answering your question appropriately. I guess I'm a little confused. I thought you were going to concede that they have title, but that it's subject to your client's mortgage. That's all. Well, we would say that their foreclosure, yes. I'm sorry. I misspoke, Your Honor. They would take title in that sense. The transaction itself could still be voided. That's assuming that the transaction was valid throughout the foreclosure sale. That's going to be an issue that also will be litigated on the merits at the conclusion of the suit. So I would have to say, no, we can't concede that yet, although it does appear likely that they do have title through the foreclosure process that they did. There are cases indicating that even this HOA foreclosure process has certain requirements of notice. We don't have a record saying whether we received adequate notice in this case. And that would go to the quality of their underlying title, not simply the quality of their claim versus the quality of our claim. Well, if you go to the city right now and you say who has title to this property, they're going to say Eagle, not you, right? Well, the city probably will very cautiously say the last thing that we show recorded is trustee's deed. I'll be honest. I don't know how to answer that question, who has title to this property, because, you know, if you asked us in the room, two people are going to raise their hands and both say, well, we do or we're about to. And we wouldn't say we do. We'd say that our borrower did and that we're going to obtain it by foreclosing on the deed of trust and that HOA's foreclosure has no effect. Okay. Counsel, Judge Gould, I have a practical question. But if the record doesn't answer it, you're relieved from answering. Does the record show us why the bank would not just pay off the homeowner association dues in order to protect its interest in the mortgage? Your Honor, I hope I can answer that both ways. One, no, the record in this case does not show it. Two, from handling dozens of these cases, the facts usually show the banks attempted to pay off the HOA balances and the HOA's refused to accept tender payment, which is why this will be a three-year trial, honestly, Your Honor. That's one of the very contested issues as to whose responsibility it was to deny the bank when they tendered a check. I don't know if that happened in this case, but it's happened in the majority of these cases. Okay. Thank you. Going back to the question of Nevada versus Federal law, and be very clear with the Court, we think there's not a conflict, because we think the test is whether money damages, if harm that can be remedied by money damages is reparable or not. We think that's true under Nevada law. We think that's true under Federal law. And so these nuances, as they apply in this case, are merely nuances. They're not conflicts. There's not a Nevada State law case that has squarely addressed this question. Let me just understand, because I don't remember what you said now in your supplemental brief. Are you willing to concede that Nevada law controls? No, Your Honor. About what Nevada law says on this question? No, Your Honor. Our first position is there's no conflict, so we could go under either as long as we use this general test that both Nevada and the Federal courts have articulated. Let's say we disagree that there's no conflict. Yes, Your Honor. Well, let's just say that we think that Nevada law controls. Forget about whether there's some difference in Federal common law. I mean, there's certainly no conflict with Rule 65. Your Honor, if this Court were to decide that way, it would be a circuit split with the Sixth Circuit, the Eleventh Circuit, and I can't recall the other one. There are three other courts of appeals that address this very question under Federal Rule Civil Procedure 65, and all three of them have concluded that the standards for an injunction, although they're not written into Federal Rule Civil Procedure 65, are part of the rule, and therefore, they are Federal law under the Rules Enabling Act. But Sims Snowboard says that's not true, and we are bound by Sims, right? No, Your Honor. It's entirely consistent with Sims. Sims, the question was, you had a California statute that said no injunction is available for this sort of breach of contract action. And this Court was very careful to say that is a question about the availability of an injunction, not a question about the standards for obtaining an injunction. And it said that this Court called it a close question, but it said in that circumstance where you have a substantive State law saying that no injunction is available, Federal Rule Civil Procedure can't trump that simply because it provides the standards for initiating an injunction. And this is the way that — Okay. But why don't — let's just break it down into the components parts, though. Let's say that Nevada law — let's say Nevada had a statute that said we don't care what kind of property it is, if it's commercial, residential, doesn't matter, the loss of that, loss of enjoyment, loss of use, loss of possession, whatever. All of those always constitute irreparable harm for purposes of seeking injunctive relief, right? Let's just — the State just made it crystal clear that that element of the test is just always going to be resolved in favor of the plaintiff. I don't know. How could we avoid applying that? Well, Your Honor, I was almost ready to agree with you. I think the key is that last part of how you phrased the question. The State made it part of the irreparable harm test. I mean, if the State's writing it into Nevada Rule Civil Procedure 65, I don't think that really changes the dynamic. We still have a conflict in Federal court between a Federal rule and a State procedural rule, and under Hanna, that would suggest the Federal rule. It's written into the State rule. Yes, Your Honor, and that would be the contrast. I'm just saying let's say that Nevada law is crystal clear, whether it's from a separate statute or case law. I think that would make all the difference, though, Your Honor. If we have a separate statute or a separate Nevada common law holding, not that Nevada Rule Civil Procedure 65 has a standard that includes this right, but there's a substantive right available to litigants under Nevada law to obtain an injunction, and defining irreparable harm for that injunction in this scenario, then yes, Your Honor, in that case, we would have to apply State law. But it doesn't matter whether Nevada says you can obtain an injunction always, does it? Doesn't it just need to be that Nevada says loss of real property is irreparable harm under Nevada law? I mean, maybe they'd also say, therefore, you can get an injunction, but it's just once they say that when you lose property, it's irreparable harm. If that's what Nevada law says, isn't that enough? Yes, Your Honor. If it says that as a substantive holding of Nevada law, not simply an application of the Nevada injunction standard, but yes, I mean, your premise is correct, that if Nevada law holds that this is an irreparable harm, then this Court would have to defer to Nevada law. To be very clear, we don't think that's what Nevada law says. Nevada law says generally loss of property is an irreparable harm, and then it says if it can be remedied by monetary damages, it's not irreparable. Do you have any case that says if loss of property can be compensated by damages, that it's not irreparable? I couldn't find any case that said that. Under Nevada law, no, Your Honor. All we can point to is the fact that the courts have articulated the test as a general rule, and we would say that that means there must be an exception to it. It would be pointless to frame it as a generally rule if it were always and forever the case. And to be very clear, the appellant conceded that there's no per se rule. That was the opening argument of its brief. It said on page 27 of the brief, there's no per se rule that loss of property is irreparable harm. It was one of the first sentences of the first paragraph of the argument. And so even to the extent we're trying to rely on that here, I'd say, one, that's not a correct articulation of Nevada law, and two, the appellant might have waived that position. Counsel, is it open to us at this stage? And I had some recollection. Maybe it was done earlier. But could we certify to the Nevada Supreme Court the question whether there is an exception to irreparable harm in the case of a commercial property? Yes, Your Honor. I believe this Court would have the authority to do so. My only caveat would be is I'm not sure this Court could do so unless it determined it was outcome determinative of this appeal. And once again, I suppose if Federal law controlled, then it wouldn't be necessary to ask the State what its rule was. But yes, Your Honor, with that aside, I think this Court could certify that question. I would not want that route. I don't think the appellant would either, simply because the Nevada Supreme Court has a very overloaded docket. And we have a certified question in this case, for instance, and it's made no movement since it was certified earlier this year. So we would suggest that is not the best resolution for this appeal.  Thank you, Your Honor. Do you have two-and-a-half minutes roughly remaining? Thank you, Your Honor. Is there any specific questions you'd like me to address? Yes. What did you mean on page 27 when you said that real loss of real property is not, per se, irreparable? I thought your argument was that it was. It is. As far as it's not, there's no rule that is specified in the statute that would The difference with Sims is that you had a statute in California that was a hard and fast rule that says injunctions cannot be implied in this particular case. You have in Nevada in federal court, you have the same Rule 65 that basically says, you know, these are the elements of getting an injunction. And there's no rules that are written in there nor statute that's out there as well that basically says you will get a mandatory injunction if you show that real property. There's loss of rights in the real property. Isn't your argument that the Nevada common law is equivalent to that? Why would it matter if it's a statute versus Nevada common law? I, you know, I guess reading how that reads there now, that's probably just not clear as it should have been. In fact, we're trying to compare that with what the circumstances were in the Sims case. Again, it's just the actual, the writing down by legislature saying that this is, you know, you may not ever issue an injunction in the circumstance. There is no hardline statute or anything that Nevada has come up with to say that you will have an injunction if you show this. It's just. Counsel, what's your position on the question I raised, whether we should or could certify the issue of Nevada law irreparable harm on sale of a commercial property? Well, we cited a 13th South case that is Nevada law that was a vacant lot. So that wasn't a primary residential home. So I think the answer, the question is answered by that case that the Nevada made no dicta as far as the use of that property or anything like that. And again, if the injunction would have been denied by one of those other elements, I mean, those are typically why the injunction was denied. This is somewhat different in the fact that I haven't, like I said, I've not seen a Nevada state court ever deny an injunction based on a finding that there's been no reputable harm. It's usually one of the other elements. So it's, I don't think, I think the question's been answered. Why is MERS a defendant here? Do they have any interest in this property anymore? They originally were transferred from one place. They were the mechanism to transfer from one entity to another. I believe if they have no more interest in the case, it's, or they've at least foregone their interest, we could definitely dismiss them out. But I'm not, I don't necessarily know what the disposition. I know that we did dismiss a couple of the defendants out because they no longer claimed an interest in the property. Roberts. Okay. Thank you, counsel. Thank you. We appreciate the arguments this morning. Thank you. The case just argued will stand submitted.
judges: Gould, Watford, Friedland